Morris Motor Vehicle Operator License Case.

Argued April 16, 1971. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Elmer T. Bolla,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., June 22, 1971:

Appellee was apprehended, on October 26, 1969, on a charge of operating a motor vehicle while under the influence of intoxicating liquor. He was taken to a police station where police officers requested that he submit to a breathalyzer test as provided in the so-called "Implied Consent Law," §624.1(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §624.1(a).[1]

Appellee requested that he be permitted to make a telephone call to his attorney before submitting to the test. This request was denied by the police and appellee, thereupon, refused to take the test. A report of this refusal was then sent to the Department of Transportation, Bureau of Traffic Safety. The Secretary of Revenue suspended appellee's license for a period of three months, effective December 22, 1969, for refusal to submit to the test. Appellee appealed this suspension to the lower court on March 10, 1970.

On April 29, 1970, the appeal was sustained. The lower court defined the issue to be: Should police officers honor a specific request by a licensee to make a telephone call prior to taking the chemical test? It then held that it was unreasonable for police officers

---

[1] This section provides, *inter alia*: "Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: . . . If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. . . ."

to deny such a request; therefore, in these circumstances, there was not a refusal to submit to a chemical test as required by §624.1(a). Thus, the lower court set aside the order of suspension. We reverse.

The action of the secretary in suspending a license for refusal to take a breath test is a civil proceeding. *Cf. Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960); *Commonwealth v. Funk,* 323 Pa. 390, 400, 186 A. 65, 70 (1936). Insofar as this civil proceeding is concerned, the licensee has no right to have an attorney present before deciding whether or not he will take the test. *Mills v. Bridges,* 93 Idaho 679, 471 P. 2d 66 (1970); *State v. Pandoli,* 109 N.J. Super. 1, 262 A. 2d 41 (1970); *Stratikos v. Department of Motor Vehicles,* Or. App., 477 P. 2d 237 (1970).[2] There also is no right, either constitutional or statutory, to be able to call an attorney before deciding whether or not to take the test. *Rusho v. Johns,* 186 Neb. 131, 181 N.W. 2d 448 (1970); *Finocchairo v. Kelly,* 11 N.Y. 2d 58, 181 N.E. 2d 427, 226 N.Y.S. 2d 403 (1962), *cert. denied,* 370 U.S. 912 (1962).[3]

Since no constitutional or statutory rights were abridged, it follows that appellee had no right to condition his taking the test upon being able to make a telephone call. Admittedly, there was only a qualified refusal; however, §624.1 (a) does not require that there be a flat refusal. As stated in *State v. Pandoli,* supra:

[2] Since this is a case arising as a result of the civil sanction imposed by the act, we need not reach the question as to whether the Constitution requires an opportunity to consult with an attorney if the results of the test are to be entered into evidence at a criminal proceeding. In the present case, the appellee was acquitted of criminal charges and is in no position to complain that he was injured in the criminal action by not being able to consult with an attorney.

[3] All of the above cited cases were interpreting implied consent statutes similar to Pennsylvania's.

"In any event, the request for consultation with counsel necessarily involved a delay in administration of the test. Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and physiological processes tend to eliminate evidence of ingested alcohol in the system, *it is sensible to construe the statute to mean that anything substantially short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so.* . . . The occasion is not one for debate, maneuver or negotiation, but rather a simple 'yes' or 'no' to the officer's request." (Emphasis added.)

The order of the court below is reversed and the order of suspension of the Secretary of Revenue is reinstated.