Peter A. McMahon, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 2, 1978, before Judges WILKIN-SON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Richard A. Moses,* with him *Mark L. Glosser,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Bradley L. Mallory,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, December 15, 1978:

This is an appeal by Peter A. McMahon (McMahon) from a decision of the Court of Common Pleas of Allegheny County, sustaining the suspension of McMahon's operator's license by the Pennsylvania Department of Transportation (PennDOT) under Section 624.1(a) of The Vehicle Code (Code),[1] which was recently repealed, formerly 75 P.S. §624.1(a), for refusing to submit to a breathalyzer test.

On December 4, 1976, at about 1:15 A.M., while operating his vehicle in an erratic fashion, McMahon was stopped by a McCandless Township police officer. The officer detected a strong odor of alcohol upon McMahon's breath and placed him under arrest for driving while under the influence of intoxicating liquor. He was then taken to the police station where he initially consented to take a breathalyzer test. While the machine was heating up McMahon asked for permission to make a telephone call and presumably called his wife, after which he became very agitated. The testimony before the lower court was in conflict as to what then occurred.

The police officer testified that after McMahon concluded his telephone call he became very upset and refused to take the breathalyzer test. The officer then advised McMahon of the consequences of this action

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* Section 624.1 was added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in The Vehicle Code, 75 Pa. C.S. §1547.

and told him that he could contact an attorney if he wished. After McMahon again refused to take the test he was brought before a magistrate for arraignment. McMahon maintained, however, that he did not refuse to take the test and that after he spoke with his wife he asked to call an attorney but this request for legal counsel was misconstrued by the officer as a refusal to take the test. He argues here that to allow the police to construe a request for legal counsel as a refusal to take the breathalyzer test results in his being penalized for seeking legal aid.

A lower court's decision in a license suspension case pursuant to Section 624.1(a) of the Code is not to be disturbed unless its findings were not supported by competent evidence or it made erroneous conclusions of law or its decision exhibits a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 308 A.2d 183 (1973).

For the proper suspension of an operator's license pursuant to Section 624.1(a) of the Code the arresting officer must initially have "reasonable grounds" to believe that the person has been driving under the influence of intoxicating liquor. *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). In addition the Commonwealth must show (1) that the defendant was placed under arrest (2) that he was charged with the operation of a motor vehicle while under the influence of intoxicating liquor (3) that he was requested to submit to a breathalyzer test and (4) that he refused to comply with the test. *Department of Transportation, Bureau of Traffic Safety v. Drugotch, supra.*

In the instant case, there is no dispute that "reasonable grounds" existed and that the first three requirements enunciated in *Drugotch, supra,* have been

met by the Commonwealth. The only dispute centers around whether or not the court below properly concluded that McMahon refused to take the breathalyzer test.

Refusal to submit to a breathalyzer test is a factual, not a legal determination, *Commonwealth v. Miles, supra,* and questions of credibility and the resolution of testimonial conflicts are for the court which hears the testimony, *Campbell v. Department of Transportation, Bureau of Traffic Safety,* 16 Pa. Commonwealth Ct. 9, 329 A.2d 867 (1974). In view of our previous pronouncement that anything substantially short of an unqualified unequivocal assent to an officer's request that the arrested motorist take the breathalyzer test constitutes a refusal to do so, *Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A.2d 24 (1972), we believe that there is substantial evidence in the record to support the conclusion of the court below that McMahon refused to take the test. That court chose to put credence in the officer's testimony that McMahon refused to take the test rather than in McMahon's testimony to the contrary and we will not disturb that finding.

McMahon further contends that in any event Penn-DOT has the burden of showing that the test could have been lawfully and properly administered which it has not done. This position is clearly untenable under our decisions in *Boyle v. Department of Transportation, Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975) and *Commonwealth v. Heresko,* 28 Pa. Commonwealth Ct. 508, 368 A.2d 1357 (1977), where we held that whether or not the test would have been administered by qualified personnel using approved equipment is not an issue when the test has been refused.

Accordingly, we affirm.

ORDER

AND Now, this 15th day of December, 1978, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter dated May 2, 1977 is hereby affirmed.