In Re: Appeal from Withdrawal of Motor Vehicle Privileges of Robert Lee Weitzel. Robert Lee Weitzel, Appellant.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Richard G. Phillips,* with him *John A. Boccabella,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 13, 1979:

The sole issue before us in the appeal of Robert Lee Weitzel (Weitzel) from the order of the Court of Common Pleas of Berks County is whether that court erred in affirming a 6-month suspension of Weitzel's operating privileges as a result of an alleged violation of Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* added by Section 1 of the Act of July 28, 1961, P.L. 918, *formerly* 75 P.S. §624.1 (a), repealed by the Act of June 17, 1976, P.L. 162, when Weitzel consented to, and in fact requested, a breathalyzer test some 30 to 45 minutes after he was first asked to take the test.

The arresting officer made four requests of Weitzel to take the breathalyzer test. Weitzel responded to the first three of these requests with his own request to call his lawyer and thereafter responded to the fourth request by the officer by a definite refusal to take the breathalyzer test. Subsequently, he requested to take the test.

In *Morris Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 347, 280 A.2d 658 (1971), the Superior Court held that, since the action of the Secretary in suspending an operator's license for refusal to take a breathalyzer test is a civil proceeding, the licensee has no right to have an attorney present before deciding whether or not he will take the test, nor does he have a right, either constitutional or statutory, to

be able to call an attorney before deciding whether or not to take the test.

We quote the following from *Morris* and find that it controls the instant case:

> Since no constitutional or statutory rights were abridged, it follows that appellee had no right to condition his taking the test upon being able to make a telephone call. Admittedly, there was only a qualified refusal; however, §624.1(a) does not require that there be a flat refusal. As stated in State v. Pandoli, [109 N.J. Super. 1, 262 A.2d 41 (1970)] supra:
>
> 'In any event, the request for consultation with counsel necessarily involved a delay in administration of the test. Having in mind the remedial purpose of the statute, and the rapidity with which the passage of time and physiological processes tend to eliminate evidence of ingested alcohol in the system, *it is sensible to construe the statute to mean that anything substantially short of an unqualified unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so.* . . . The occasion is not one for debate, maneuver or negotiation, but rather for a simple "yes" or "no" to the officer's request.' (Emphasis added by the Superior Court.)

218 Pa. Superior Ct. at 349-50, 280 A.2d 659-60.

We have followed *Morris* in *Department of Transportation, Bureau of Highway Safety v. O'Rourke,* 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976), and *Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A.2d 24 (1972), both of which cases had a factual background almost identical to the instant case. *See also Commonwealth v. End,* 6 Pa. Commonwealth Ct. 347, 295 A.2d 196 (1972) (denial of licensee's request to have his physician summoned held

238

an insufficient reason to excuse a refusal to take the breathalyzer test).

Order affirmed.

ORDER

AND Now, this 13th day of March, 1979, the order of the Court of Common Pleas of Berks County, dismissing the appeal of Robert Lee Weitzel in the above captioned case, is affirmed.