Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Edward F. Herman, Jr., Appellee.

Argued December 3, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Harold Cramer*, Assistant Attorney General, with him *John L. Heaton*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General and *Robert P. Kane*, Attorney General, for appellant.

*Edward F. Herman, Jr.,* with him *David L. Lichtenstein,* for appellee.

OPINION BY JUDGE MENCER, February 5, 1980:

The Department of Transportation, Bureau of Traffic Safety appeals the order of the Court of Common Pleas of Allegheny County sustaining the appeal of Edward F. Herman, Jr. (appellee) from a suspension of his motor vehicle operator's license for a period of six months pursuant to Section 624.1(a) of The Vehicle Code[1] for refusal to comply with a police officer's request to submit to a breathalyzer test. We reverse.

At approximately 5:00 p.m. on February 9, 1977, appellee's car was stopped by an officer of the Allegheny County Police Department after it was observed "creating a disturbance by pulling up close to a vehicle which was in front of it, stopping short, squealing the tires, and then blowing the horn." Appellee was shortly placed under arrest for operating a motor vehicle while under the influence of alcohol and taken to the nearby county police station where he was asked to take a breathalyzer test. The testimony before the common pleas court was in conflict as to what next occurred.[2]

The arresting officer testified that the appellee hesitated for a moment then responded that as he had had occasion to know others who had taken the test he thought under the circumstances he should not give

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* Section 624.1 was added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in The Vehicle Code, 75 Pa. C.S. §1547.

[2] Appellee readily admitted before the common pleas court his operation of a motor vehicle while under the influence of alcohol.

his consent. Appellee, on the other hand, testified as follows:

> [I stated,] 'I'd like to talk to my lawyer first. I don't want to do anything until I talk to a lawyer. . . .' [S]o they said they were going to take me downtown and book me. So I figured I'll get a lawyer and get the analyzer test and take it from there.

We must remember that appellee was neither entitled to have an attorney present during the test nor to consult one prior to responding to the police officer's request to take the test. *Weitzel Appeal,* 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979). In addition, "we have consistently defined a refusal as anything substantially short of an unqualified unequivocal assent to an officer's request to the arrested motorist." *Department of Transportation, Bureau of Traffic Safety v. Pedick,* 44 Pa. Commonwealth Ct. 44, 403 A.2d 181, 182 (1979).

We have carefully reviewed the record in this case and conclude that the common pleas court erred in finding that the appellee did not refuse to take a breath test. However one construes appellee's testimony, it cannot be construed as an unqualified, unequivocal assent to submit himself to a breathalyzer test. Appellee here, accepting his testimony, clearly wanted to see his lawyer prior to consenting to take the breathalyzer test, and this, we have consistently determined, is a refusal. *Weitzel Appeal, supra; Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A.2d 24 (1972).

Although the lower court stated that "[t]his witness [appellee] would have taken the test without talking to an attorney had he simply been told that he had no right to talk to anyone prior to taking the test," our examination of the record finds no support for this conclusion. This conclusion appears to be pure

speculation, and we are compelled to conclude that appellee's testimony, considered by itself, establishes a refusal by appellee to submit to a breathalyzer test.

Accordingly, we will enter the following

### ORDER

AND NOW, this 5th day of February, 1980, the order of the Court of Common Pleas of Allegheny County, dated June 1, 1977, at No. SA 278 of 1977 is hereby reversed.

Judge DiSALLE did not participate in the decision in this case.