Hugh Wilson, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 11, 1980, before President Judge CRUMLISH, and Judges BLATT and CRAIG, sitting as a panel of three.

*J. Scott Maxwell*, with him *Marc D. Jonas, Hamburg, Rubin, Mullin & Maxwell*, for appellant.

*Harold H. Cramer*, Assistant Attorney General, with him *Maurice Levin* and *Francis P. Bach*, Assistant Attorneys General, *Ward T. Williams*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, August 4, 1980:

This is another appeal based on an erroneous test of the breathalyzer issue. The Montgomery County Common Pleas Court sustained the license suspension

of Hugh W. Wilson for six months under Section 624.1(a) of the Vehicle Code.[1] We affirm.

On November 18, 1976, Wilson was observed leaving a vehicle stopped on a private lawn in Whitpain Township. The administration of a field sobriety test was unsatisfactory and the arresting officer summoned the township's breathalyzer expert to the scene. Wilson was informed of his rights and advised that refusal to submit to the breathalyzer test would result in license suspension. Wilson wanted to speak with his attorney prior to submitting to the test. Affirming the license suspension, the Montgomery County Common Pleas Court found there were reasonable grounds for the breathalyzer test as well as a definite refusal to its administration.

We must determine whether the lower court erred[2] in finding that (1) the police officer had reasonable grounds to believe Wilson was driving a motor vehicle under the influence of alcohol, and (2) Wilson's refusal of the chemical test warranted license suspension.

Our caselaw is clearly and finally dispositive of both issues. In *McMahon v. Commonwealth of Pennsylvania*, 39 Pa. Commonwealth Ct. 260, 263, 395 A.2d 318, 320 (1975), we enumerated the Commonwealth's burden:

> For the proper suspension of an operator's license pursuant to Section 624.1(a) of the Code

---

[1] Act of April 29, 1959, P.L. 58, as amended. Section 624.1 was added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly* 75 P.S. §624.1, repealed by the Act of July 17, 1976, P.L. 162. A similar provision is now found in the Vehicle Code, 75 Pa. C. S. §1547

[2] The lower court's decision on both issues, if supported by the record, free from legal error, and untouched by an abuse of discretion, is final and not to be disturbed on appeal. *Department of Transportation, Bureau of Traffic Safety v. Drugotch*, 9 Pa. Commonwealth Ct. 460, 308 A.2d 183 (1973).

> the arresting officer must initially have 'reasonable grounds' to believe that the person has been driving under the influence of intoxicating liquor. Commonwealth v. Miles, 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). In addition the Commonwealth must show (1) that the defendant was placed under arrest (2) that he was charged with the operation of a motor vehicle while under the influence of intoxicating liquor (3) that he was requested to submit to a breathalyzer test and (4) that he refused to comply with the test.

*See also Department of Transportation, Bureau of Traffic Safety v. Shultz,* 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976).

We may determine whether "reasonable grounds" existed only on a case-by-case basis by asking if "a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor." *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). When coupled with the circumstances surrounding the incident, record testimony on Wilson's appearance and behavior convinces us that "reasonable grounds" existed to support the lower court's decision.

On the second issue, we have consistently held that "anything substantially short of an unqualified unequivocal assent to an officer's request to an arrested motorist" is a refusal. *Department of Transportation, Bureau of Traffic Safety v. Herman,* 49 Pa. Commonwealth Ct. 201, 203, 410 A.2d 1296, 1297 (1980). The record reveals the following exchange with Wilson:

> Q At all times that you were questioned, with regard to whether or not you would take a breathalyzer test, what was your response?

346

A   That I wanted to talk to my lawyer first,

with corroborating testimony from the breathalyzer officer:

He at that time was asked to submit to a breathalyzer test, at which time Mr. Wilson replied, 'I want to talk to my attorney first before I do anything.'

....

The fourth time I explained to Mr. Wilson that I was looking for either a yes, or no, answer, and that if he gave me the same reply I would have to consider it as a refusal.

I then directed the same question ... at which time he gave me the same reply, 'I want to talk to my attorney first before I do anything.' He also put at the end, 'It's a refusal then.'

In *Herman, supra,* where the arresting officer's request met with a similar response, we concluded that such testimony clearly established a refusal to submit to the test. We see nothing to distinguish the case before us.

Accordingly, we

ORDER

Now, August 4, 1980, the order of the Montgomery County Court of Common Pleas, dated June 29, 1977, is affirmed.