Louis A. Miele, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 9, 1983, to Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Anthony D. Miele, Miele & Callahan,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, June 17, 1983:

Louis A. Miele, Jr. appeals the order of the Court of Common Pleas of Lycoming County affirming the suspension by the Department of Transportation of his motor vehicle operator's license for six months for refusal to comply with a police officer's request to submit to a breathalyzer test. Section 1547(b)(1)-(i) of the Vehicle Code, 75 Pa. C. S. §1547(b)(1)(i). We affirm.

Miele was arrested and charged with driving under the influence of alcohol on February 2, 1980. At city hall, the arresting officer requested the appellant to submit to the breathalyzer test and the appellant responded that he wanted to speak with his at-

torney before consenting. The appellant then called his attorney, but was unable to reach him. He then called his wife and asked her to find his attorney and have him come to city hall immediately. After this, the officer again asked the appellant to submit to the breathalyzer test and the appellant again stated that he wanted to speak with his attorney before consenting. The arresting officer then recorded the appellant's action as a refusal and the breathalyzer machine was turned off. The claimant's attorney arrived at city hall five or ten minutes later, but there was no discussion of the breathalyzer test.

The appellant concedes: (1) that the officer making the arrest had reasonable grounds to believe that the appellant was under the influence of alcohol and that the appellant was arrested for the offense; (2) that he was charged with the operation of a motor vehicle while under the influence of alcohol; (3) that he was requested to submit to a breathalyzer test; and (4) that he was properly advised of the consequences—a six-month suspension—of a refusal to take the test.

The claimant argues that the circumstances do not demonstrate that he refused the test.

The law is that "the licensee has no right to have an attorney present before deciding whether or not he will take the [breathalyzer] test, nor does he have a right, either constitutional or statutory, to be able to call an attorney before deciding whether or not to take the test." *Weitzel Appeal*, 41 Pa. Commonwealth Ct. 235, 236-37, 400 A.2d 646, 647 (1979). *See also Bureau of Traffic Safety v. Wroblewski*, 65 Pa. Commonwealth Ct. 333, 335, 442 A.2d 407, 408 (1982); *Sentle v. Commonwealth of Pennsylvania*, 48 Pa. Commonwealth Ct. 479, 480, 410 A.2d 903, 903 (1980).

"[W]e have consistently defined a refusal as anything substantially short of an unqualified unequivocal assent to an officer's request to the arrested motorist." *Department of Transportation, Bureau of Traffic Safety v. Pedick,* 44 Pa. Commonwealth Ct. 44, 47, 403 A.2d 181, 182 (1979). *See also Bureau of Traffic Safety v. Herman,* 49 Pa. Commonwealth Ct. 201, 203, 410 A.2d 1296, 1297 (1980).

The appellant's response to the request that he take the test—that he wanted to speak with his attorney—was, as we have often held, short of an unqualified unequivocal assent to take the test. *Herman; Weitzel Appeal.*

Order affirmed.

### ORDER

AND Now, this 17th day of June, 1983, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.