483 A.2d 1360

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellee,**

v.

**Charles John KORCHAK, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 1984.

Decided Nov. 20, 1984.

Anthony J. Martin, Martin & Martin, P.C., Monroeville, for appellant.

Harold H. Cramer, Ward T. Williams, Jay C. Waldman, Dept. of Traffic Safety, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The appellant, Charles John Korchak, received official notice from the appellee Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (Commonwealth) that his operator's license was suspended for a period of six months. The Commonwealth ordered the suspension pursuant to the provisions of Section 1547 of the Vehicle Code [1] for appellant's alleged refusal to submit to a breathalyzer test when properly requested to do so. Appellant appealed the suspension to the Allegheny County Common Pleas Court and, after a hearing, his appeal was sustained. The Commonwealth appealed to the Commonwealth Court which reversed the trial court's decision and

[1]    § 1547. Chemical test to determine amount of alcohol
    (a) General rule.—Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of breath or blood for the purpose of determining the alcoholic content of blood if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol. The test shall be administered by qualified personnel and with the equipment approved by the department. Qualified personnel means a physician or a technician acting under the physician's direction or a police officer who has fulfilled the training requirements in the use of such equipment in a training program approved by the department.
    (b) Suspension for refusal.—
    (1) If any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so, the test shall not be given but upon notice by the police officer, the department shall:
    (i) suspend the operating privilege of the person for a period of six months
Act of 1976, June 17, P.L. 162, No. 81, § 1, 75 Pa.C.S.A. § 1547.

reinstated the six month suspension of appellant's driving privileges.[2] We granted appellant's petition for allowance of appeal and now reverse.

After leaving a cocktail lounge in the early morning on June 7, 1980, the appellant promptly became involved in a motor vehicle accident. A short distance from the bar he operated his vehicle into a parked car belonging to another patron of the lounge. Within minutes after the collision, local police officers arrived on the accident scene. Following a brief investigation, the appellant was placed under arrest for driving under the influence.[3] He was advised of his constitutional rights[4] and his obligation to take a breathalyzer test. He was handcuffed and transported to the nearest police station where a chemical test could be administered. After arriving at the station house the appellant was asked to take a breathalyzer test. He was told that if he refused to take the test his driver's license would be suspended or revoked.

At trial the Commonwealth called one witness, William Klobucher, a police officer for the municipality of Penn Hills. Officer Klobucher testified that at the station he re-advised the appellant of his constitutional rights and read him the *Miranda* warnings from a "rights form." He stated that immediately after the *Miranda* warnings were read, the appellant was asked to submit to a breathalyzer test. Officer Klobucher testified that the appellant refused to take the test and continued to refuse when the request was repeated.[5]

2. 74 Pa.Cmwlth. 465, 459 A.2d 1295 (1983).

3. Officer Klobucher of the Penn Hills Police Department testified:
   [The appellant] appeared to be under the influence of an alcoholic beverage with a strong odor of alcohol on his breath; speech slurred, loud and boisterous. He was becoming very uncooperative.
   At this time [appellant] was placed under arrest for driving under the influence.

4. He was given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. It is not clear on the record whether Officer Klobucher meant that the appellant explicitly stated that he refused to take the test, or that

The appellant, on the other hand, testified that at the station he was taken to a room where the breathalyzer test was to be administered. Appellant stated that in the testing room he was verbally informed of his constitutional rights, including his right to have an attorney. He was given a paper to read which set forth in writing the rights of which he had just been orally informed. He was asked if he understood his rights and he responded that he did. He testified that after reading the "rights form" he asked to have his attorney present. Appellant stated that as soon as he requested his attorney, the officers, without explanation, immediately took him to a cell. He testified that he was, at all times, willing to take the breathalyzer test and he never refused.

The trial court reconciled the conflicts in the testimony in favor of the appellant and found that appellant did not refuse to take the breathalyzer test when requested. Then Judge (now Justice) Papadakos said:

> I will have to extend the benefit of doubt to say he didn't refuse to take the breathalizer (sic) test when he was asked to do so. Therefore, we will sustain the appeal.[6]

The Commonwealth Court ignored this clear finding of the trial court, made its own finding that the appellant refused to take the test, and then attributed the new finding to the trial court. After quoting part of the trial judge's remarks which followed the close of testimony, Judge Doyle, writing for the Commonwealth Court panel, stated:

> The clear implication from the colloquy of the court is that the court found *as a matter of fact* that Korchak did refuse to take the breathalyzer test. Such a finding is

the officer interpreted appellant's request for an attorney as a refusal. (*See Weitzel Appeal,* 41 Pa.Cmwlth. 235, 400 A.2d 646, a request for an attorney in response to a request to take a breathalyzer test is a refusal.)

6. The trial judge did not write an opinion in this case. He announced the findings and decision of the court on the record after the parties rested.

amply supported by competent evidence in the record. The court concluded *as a matter of law,* however, that Korchak's request for an attorney did not constitute a knowing and conscious refusal.

The Commonwealth Court made this conclusion in spite of the clear language of the trial court that appellant "didn't refuse to take the breathalizer (sic) test when he was asked to do so."

█ In an appeal from an order of the Common Pleas Court in a license suspension case, the appellate courts are:

> "... limited to an examination of the testimony 'to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusion of law erroneously made'."

*Commonwealth v. Wright,* 355 Pa. 307, 309, 49 A.2d 783 (1946).

> [t]he action of the hearing court in a license suspension appeal may not be interfered with upon appeal except for a manifest abuse of discretion or error of law. (citations omitted).

*Id.,* 355 Pa. at 309, 49 A.2d at 784. Since the Commonwealth Court was vested with appellate jurisdiction in license suspension appeal cases, it has steadfastly recognized this limited scope of review. In *Waigand v. Commonwealth,* 68 Pa.Cmwlth. 541, 449 A.2d 862 (1982), that court said:

> This Court's scope of review of a common pleas court's decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978). Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not this Court. *Id.*

In *Bruno v. Commonwealth*, 54 Pa.Cmwlth. 353, 422 A.2d 217 (1980), that court stated:

> In cases of license suspension for refusal to take a breathalyzer test, the Commonwealth Court's scope of review is limited to determining whether the lower court's findings are supported by competent evidence, whether an error of law has been committed, and whether the lower court's decision constitutes a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Shultz*, 25 Pa.Cmwlth. 598, 360 A.2d 754 (1976).

■ A review of the record in this case reveals that there was sufficient competent evidence to support the trial court's finding that the appellant did not refuse to take the breathalyzer test. The appellant was told at the scene of his arrest that he was being taken to the police station where he would be expected to take a breathalyzer test. Appellant did not then, nor at the time of his arrival at the station, refuse to take the test or ask for an attorney. When he was taken into the room where the breathalyzer test was to be administered he did not refuse or ask for an attorney. It was after appellant was again given the *Miranda* warnings that he asked for his attorney. It was at this point that the police officers ceased all testing procedures. The trial court found from the testimony that appellant's request for an attorney was in response to the *Miranda* warnings and not in response to a request to take a breathalyzer test. The record supports that finding. The Commonwealth Court exceeded the applicable standard of review and erroneously substituted its finding for that made by the trial court.

Accordingly, the order of the Commonwealth Court is reversed.

PAPADAKOS, J., did not participate in the consideration or decision of this case.

NIX, C.J., filed a concurring opinion.

ZAPPALA, J., filed a dissenting opinion.

NIX, Chief Justice, concurring.

The first sentence of section 1547 of the Motor Vehicle Code [1], 75 Pa.C.S. § 1547(a), provides that the operation of a motor vehicle in this Commonwealth operates as consent to a chemical test of breath or blood for alcoholic content upon demand. It has been consistently held that there is no constitutional or statutory right for the arrested operator to confer with an attorney before deciding whether to submit to the chemical test. *Morris Motor Vehicle Operator License Case,* 218 Pa.Super. 347, 280 A.2d 658 (1971); *Herbert v. Commonwealth,* 75 Pa.Commw. 28, 460 A.2d 920 (1983); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Wroblewski,* 65 Pa.Commw. 333, 442 A.2d 407 (1982); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Herman,* 49 Pa. Commw. 201, 410 A.2d 1296 (1980); *Sentle v. Commonwealth,* 48 Pa.Commw. 479, 410 A.2d 903 (1980); *Weitzel Appeal,* 41 Pa.Commw. 235, 400 A.2d 646 (1979); *Department of Transportation v. Cannon,* 4 Pa.Commw. 119, 286 A.2d 24 (1972).

The only qualification is that the officer making such a demand must have reasonable grounds to believe that the operator was driving a motor vehicle under the influence. 75 Pa.C.S. § 1547(a). Thus where the officer had reasonable grounds for such a belief, as was the case here, an insistence to have counsel present in response to such a

---

1. Section 1547(a) provides:
   (a) General rule.—Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of breath or blood if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol. The test shall be administered by qualified personnel and with equipment approved by the department. Qualified personnel means a physician or a technician acting under the physician's direction or a police officer who has fulfilled the training requirements in the use of such equipment in a training program approved by the department.
   75 Pa.C.S. § 1547(a).

request is properly considered as a refusal of that demand, *Wilson v. Commonwealth,* 53 Pa.Commw. 342, 417 A.2d 867 (1980); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Herman, supra; Weitzel Appeal, supra; Department of Transportation v. Cannon, supra,* and subjects the operator to a sanction provided for in section 1547(b)(1)(i), 75 Pa.C.S. § 1547(b)(1)(i).[2]

Under the unique facts of this case I join the Opinion of the Court because here the Commonwealth failed to establish that appellant intended his insistence upon the presence of counsel as his response to the request that he submit to the test.

ZAPPALA, Justice, dissenting.

Although I do not dispute the Majority's choice of legal precepts or its interpretation of those precepts, I am unable to accede to the result reached in this case. I do not accept the Majority's characterization of the record in the Court of Common Pleas as presenting a "clear finding" that the appellant did not refuse to take the test.

Because an opinion was not written in this case, the trial court's announcement of its decision in open court constitutes the only indication of the reasons for the court's order sustaining the appeal. In my view the majority errs by removing the court's final statement from the context of the full conclusion. The court below stated

Commonwealth cases [sic] ruled recently that the request for an attorney in response for [sic] a request for a Breathalizer [sic] test is a refusal and would be treated as such. In this case we have a complicating factor in that he's also being told at the same time that he has a right to an attorney. *This could raise a sufficient element of confusion in a defendant's mind,* being told you're to be suspended, but you have a right to a lawyer, and *it's reasonable for a defendant to ask for a lawyer rather*

2. For the sanction of subsection (b)(1)(i) to be applicable, it is required that a demand to submit to a chemical test be made upon an operator *who has been placed under arrest.* 75 Pa.C.S. § 1547(b)(1).

*than to accede to the request* for taking a Breathalizer [sic] test. *It can go either way when this case goes to Commonwealth Court.* I will have to extend the benefit of doubt to say he didn't refuse to take the Breathalizer [sic] test when he was asked to do so.

Notes of Testimony pp. 21–22. (Emphasis added).

The unanimous Commonwealth Court panel found on this record a "clear implication … that the court found *as a matter of fact* that Korchak did refuse to take the breathalyzer test … The court concluded *as a matter of law,* however, that Korchak's request for an attorney did not constitute a knowing and conscious refusal." *Commonwealth v. Korchak,* 74 Pa.Cmwlth. 465, 468, 459 A.2d 1295, 1297 (1983). (Emphasis in original). This conclusion is at least as tenable as the conclusion of the Majority [1] and does not, as the Majority suggests, represent a subterfuge of the Commonwealth Court's standard of review in appeals from license suspension cases. Indeed, I find in the trial court's statement that "[i]t could go either way when this case goes to Commonwealth Court," almost an abdication of the decision, as being a matter of law, to the Commonwealth Court.

Because no opinion or separate statement of reasons for the order was filed by the court and because the reasons for the order do not already appear of record, Pa.R.A.P. 1925(a), with sufficient clarity to permit proper analysis in this appeal, (demonstrated by the sharply divergent analyses of the Commonwealth Court and the Majority herein,) I would remand the case to the Court of Common Pleas of Allegheny County for further proceedings and explicit findings of fact and conclusions of law.

[1] The conclusion is further supported by statements made by the court during argument:

THE COURT: *The facts aren't in dispute.* Several times he was requested to take it; and when the chips got down he said, "I want my lawyer." Are you saying he was misled?

THE COURT: He says, "Can I have my attorney?" He says, "I want my lawyer." That is a refusal.

Notes of Testimony, p. 16. (Emphasis added).