601 A.2d 489

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, Appellant,

v.

Emmett MONOHAN, Jr., Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1991.

Decided Dec. 31, 1991.

David R. White, Asst. Counsel, for appellant.

Edward M. Waldman, for appellee.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Philadelphia County sustaining the appeal of Emmett Monohan, Jr. (Monohan) from a one-year suspension of his operating privilege.

By notice dated January 17, 1990, DOT informed Monohan that his operating privilege would be suspended pursuant to Section 1547 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1547 [1] for refusal to submit to chemical testing. On February 16, 1990, Monohan appealed the suspension to the trial court. A de novo hearing was held on September

---

1. 75 Pa.C.S. § 1547(b)(1) provides:
 If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

4, 1990 at which Sergeant James A. Scheihing of the Police Department of Springfield Township, Montgomery County, and Monohan testified. The officer testified that on January 2, 1990 he responded to a call about a car hitting a dog. After examining the car, the officer noticed that Monohan, at the scene of the accident, had an odor of alcohol on his breath, his speech was slurred, and he was having trouble standing. After conducting several field sobriety tests, the officer placed Monohan under arrest for driving under the influence of alcohol. The officer further testified that twice he asked Monohan to take a blood test. Also, at the police station Monohan wrote on the back of the police report "I will take any test that you want" and told the officer "bring the hospital to me." N.T., p. 11. The officer then consulted with the assistant district attorney on duty to verify that Monohan had refused the blood test.

Monohan testified that while he was in the police car the officer asked him to consent to a blood test and that he consented to a breathalyzer test; he also confirmed his written statement that he agreed to whatever tests were necessary but denied the statement "bring the hospital to me."

The trial court sustained the appeal and rescinded the suspension of Monohan's driving privilege concluding:

> The testimony from Officer Scheihing and Mr. Monahan regarding Mr. Monahan's consent either at the scene of the accident or in the police car, is completely contradictory. The testimony concerning Mr. Monahan's statement while in the jail cell is also divergent. However, the testimony regarding the statement Mr. Monahan wrote on the back of the piece of paper he was given, supports the proposition that consent was freely given to take any necessary blood-alcohol test. Considering that consent was given based on the message on that piece of paper, the Commonwealth has not proven by a preponderance of the evidence that Mr. Monahan refused to consent.

Since the Commonwealth did not meet its burden of proof, this Court sustained the appeal and rescinded the suspension of the driving privilege.

Trial Court Opinion, p. 3.

 On appeal to this Court, the thrust of DOT's argument is that the trial court erred by not finding that Monohan refused the blood test. DOT contends that even if the trial court accepted Monohan's version of the facts, his offer to take a breathalyzer test was a refusal. DOT further postulates that Monohan's "jail cell offer" to submit to a chemical test is irrelevant since it was a subsequent assent to testing which cannot vitiate a prior refusal. Therefore, the question before this Court is whether Monohan's offer to take a breath test is per se a refusal of the blood test.[2]

DOT cites many cases to support its position that an offer to take another chemical test is a refusal of the test requested. However, the facts in DOT's cases are different than the matter *sub judice* because the cited cases involve drivers who expressly refused to submit to a particular form of chemical testing and offered to take another form of test. *See, e.g., Leberfinger v. Department of Transportation, Bureau of Traffic Safety,* 137 Pa.Commonwealth Ct. 605, 587 A.2d 46 (1991); *McCullough v. Department of Transportation, Bureau of Traffic Safety,* 122 Pa.Commonwealth Ct. 415, 551 A.2d 1170 (1988); *Pearson v. Commonwealth,* 122 Pa.Commonwealth Ct. 91, 551 A.2d 394 (1988).

 Here, the trial court was presented with conflicting testimony about whether a refusal in fact took place. The trial court implicitly found that Monohan's testimony

---

**2.** This Court's scope of review of a trial court's decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 506 Pa. 52, 483 A.2d 1360 (1984); *McMahon v. Commonwealth,* 39 Pa.Commonwealth Ct. 260, 395 A.2d 318 (1978).

and the notation on the back of the police report were credible evidence and concluded that DOT did not satisfy its burden of proving a refusal.[3] Questions of credibility and reconciliation of conflicting evidence are for the trial court. *Department of Transportation, Bureau of Traffic Safety v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984); *McMahon v. Commonwealth*, 39 Pa.Commonwealth Ct. 260, 395 A.2d 318 (1978). Therefore, the order of the trial court is affirmed.

## ORDER

AND NOW, this 31st day of December, 1991, the order of the Court of Common Pleas of Philadelphia County is affirmed.

---

3. DOT further argues that the trial court committed reversible error because it did not make any specific findings concerning what testimony it deemed credible. This argument is without merit since it is clear from the trial court's opinion that it reconciled conflicts in the testimony in favor of Monohan. *Korchak.*