IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William B. Kline, Jr., : 
                              Appellant : 
                                            : 
                   v. : 
                                            : 
Commonwealth of Pennsylvania, : 
Department of Transportation, :     No. 1490 C.D. 2018
Bureau of Driver Licensing :     Submitted: April 12, 2019

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED:  July 9, 2019

        William B. Kline, Jr. (Licensee) appeals from the Clearfield County Common Pleas Court's (trial court) September 18, 2018 order dismissing Licensee's operating privilege suspension appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department).  The sole issue before this Court is whether Licensee refused chemical testing.  After review, we affirm.

        On March 11, 2018, Lawrence Township Police Officer Craig Allen Kanour (Officer Kanour) observed Licensee's pick-up truck stopped at a stationary green light for several minutes with a broken passenger side headlight.  Officer Kanour followed behind the vehicle and, thereafter, pulled Licensee over on the bypass.  As Officer Kanour approached the vehicle, he detected the odor of an intoxicating beverage emitting from the truck and Licensee.  He further observed that Licensee had red, glassy eyes and slurred speech.  When Officer Kanour asked if

Licensee had anything to drink, he responded that he had two beers and he was coming from the Toasted Monkey.

Officer Kanour asked Licensee if he would perform standard field sobriety tests and Licensee agreed. However, during the tests, Licensee complained that the testing was ridiculous and he did not want to continue because he was pulled over for a broken headlight. Licensee failed the finger dexterity test; he showed signs of impairment when he performed the one-leg stand test; and he refused to perform the walk-and-turn test. Officer Kanour then asked Licensee if he would be willing to submit to a blood test, to which Licensee responded no. When Officer Kanour asked Licensee to place his hands behind his back, Licensee said no, he was not going.

Thereafter, another officer assisted Officer Kanour in handcuffing Licensee and taking him to Penn Highlands Clearfield Hospital (Hospital). At the Hospital, Officer Kanour read Licensee the implied consent warnings (Form DL-26).[1] When Officer Kanour asked Licensee if he would be willing to consent to a blood draw, Licensee responded, *inter alia*, that he did not understand the warnings. Officer Kanour read the Form DL-26 a second time, after which Officer Kanour again asked Licensee if he would agree to submit to a blood test. Because Licensee began to argue, Officer Kanour stated that he would mark Licensee's response as a refusal. At that point, Licensee stated he would do whatever Officer Kanour wanted him to do.

Officer Kanour did not order the blood test because he did not receive a clear yes or no from Licensee. Officer Kanour believed the words "do whatever you want[,]" were insufficient to qualify as consent. Reproduced Record (R.R.) at 74a. When Officer Kanour asked Licensee to exit the Hospital, Licensee became agitated.

---

[1] "The [Form] DL-26 [] contains the chemical test warnings required by Section 1547 of the Vehicle Code, [75 Pa.C.S. § 1547,] which are also known as the implied consent warnings." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 745 n.2 (Pa. Cmwlth. 2013).

2

Officer Kanour grabbed Licensee's arm and escorted him out of the Hospital and into the patrol car. Officer Kanour transported Licensee to the Clearfield County Jail and placed him on a 48-hour detainer until Licensee could become sober.

On March 19, 2018, the Department notified Licensee that his driver's license privileges would be suspended for a period of one year, effective April 26, 2018, pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, due to his refusal to submit to chemical testing. On April 2, 2018, Licensee appealed from the suspension to the trial court. A hearing was held and, on September 18, 2018, the trial court dismissed Licensee's appeal. Licensee appealed to this Court.[2] On October 17, 2018, the trial court ordered Licensee to file a concise statement of the matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). Licensee filed his Rule 1925(b) Statement with the trial court on November 5, 2018. The trial court filed its opinion on December 7, 2018.

Licensee argues that his statement: "I will do whatever he wants me to do[,]" "was an unqualified and unequivocal consent to a chemical test[.]" Licensee Br. at 4. This Court disagrees.

Initially,

> [a]s finder of fact, the trial court is the sole arbiter of questions concerning the credibility and weight of the evidence, and the trial court's determinations in these respects will not be disturbed unless the trial court abuses its discretion. However, whether a motorist's conduct constitutes a refusal to submit to chemical testing is a question of law. In addressing this issue, we have consistently held that '**anything substantially less than an**

---

[2] "Our review is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

3

> **unqualified, unequivocal assent**' **to submit to testing constitutes a refusal to do so**. *Dep*['t] *of Transp*[.] *v. Renwick*,. . . 669 A.2d 934, 938 ([Pa.] 1996); *Lanthier v. Dep*['t] *of Transp*[.]*, Bureau of Driver Licensing*, 22 A.3d 346, 348 (Pa. Cmwlth. 2011); *Miele v. Commonwealth*, . . . 461 A.2d 359, 360 ([Pa. Cmwlth.] 1983).

*McKenna v. Dep't of Transp., Bureau of Driver Licensing*, 72 A.3d 294, 298 (Pa. Cmwlth. 2013) (emphasis added; citations omitted). "Further, a licensee's refusal need not be expressed in words; a licensee's conduct may constitute a refusal." *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 281 (Pa. Cmwlth. 2018). Finally, "this Court has consistently held that once a licensee refuses chemical testing, the refusal cannot be vitiated by a later assent." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 747 (Pa. Cmwlth. 2013) (citation omitted).

Here, Officer Kanour read Licensee the Form DL-26 warnings twice. Officer Kanour testified that, after he read the Form DL-26 to Licensee the first time:

> I do not remember exactly what [Licensee] said. I know it was along the lines of -- because he went back and forth, he would state that he wanted his attorney, I believe, or that he didn't understand the test. Or, what I read to him, I believe is what he said.

R.R. at 72a. Officer Kanour described that, after he read the Form DL-26 to Licensee the second time:

> [Licensee] began to argue the fact that he was stopped for a headlight. Or, I'm sorry. Yes, he began to argue the fact that he was stopped for a headlight, becoming very agitated, saying that he's a business owner.
>
> . . . .
>
> I advised him that he would be marked as a refusal. And that he was read the form multiple times. He then began to state that he will do whatever he wants me to do -- or, he will do whatever I want him to do.

R.R. at 74a.

4

Licensee did not give an unqualified, unequivocal assent to submit to chemical testing at any time during his interaction with Officer Kanour. It is not an officer's duty to tell a licensee what to do. "An officer's sole duty is to *inform* motorists of the implied consent warnings; once they have done so, they have satisfied their obligation." *Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 35 (Pa. Cmwlth. 2005). Even if this Court was to conclude that Licensee's statement that he would do whatever Officer Kanour wanted him to do was an assent to the blood test, it followed two refusals which were not vitiated by Licensee's later assent. *Vora.* Accordingly, the trial court properly dismissed Licensee's appeal.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William B. Kline, Jr.,                                    :
                          Appellant              :
                                    :
                         v.                        :
                                    :
Commonwealth of Pennsylvania,                            :
Department of Transportation,                            :      No. 1490 C.D. 2018
Bureau of Driver Licensing                               :

## O R D E R

      AND NOW, this 9th day of July, 2019, the Clearfield County Common Pleas Court's September 18, 2018 order is affirmed.

 

_____
ANNE E. COVEY, Judge