Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* George Pedick, Appellee.

Argued February 8, 1979, before Judges WILKIN-SON, JR., MENCER and CRAIG, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Gerald Gornish*, Acting Attorney General, for appellant.

*Harry A. Englehart, Jr.*, with him *Englehart & Englehart*, for appellee.

OPINION BY JUDGE CRAIG, July 5, 1979:

Resolution of this appeal by the Commonwealth, from a decision of the Court of Common Pleas of Cambria County sustaining appellee Pedick's appeal from suspension of his motor vehicle operator's license for refusal to take a breathalyzer test under Section 624.1(a) of The Vehicle Code,[1] turns on the

---

[1] Act of April 29, 1959, P.L. 58, *as amended*, added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly* 75 P.S. §624.1(a), repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in The Vehicle Code, 75 Pa. C.S. §1547.

question of whether there was both a request and a refusal to take the test.

The arresting officer encountered Pedick shortly after he was involved in a collision with another car. According to the officer, he said, "Would you like to go for a breathalyzer test?" Another witness testified that the words were, "Would you like to take a breathalyzer test?"

Later that same night, before a magistrate, the officer reiterated a similar question.

Apparently without a precise basis in the record for the exact quote, the court below found that the officer said, "Do you want to take a breathalyzer test?"

We do not see any significant difference among the three versions of the question for purposes of the decision of this case.

Two things are uncontradicted. Whatever the phrasing of the question may have been, Pedick's reply was, "No." Secondly, before the officer mentioned the breathalyzer test, he asked Pedick if he had been "drinking" and he admitted that. Later, before the magistrate, he pleaded guilty to drunken driving.

The lower court sustained Pedick's appeal, concluding that Pedick did not assent to the test because he was admitting he was drunk, that the test therefore would have been useless, and that the officer's question was "so vague as to be inconsequential."

Whether or not there has been a refusal of a request to take a breathalyzer test is a factual determination, *McMahon v. Commonwealth*, 39 Pa. Commonwealth Ct. 259, 395 A.2d 318 (1978). However, there is no disputed issue of fact here.

In *Boyle v. Department of Transportation, Bureau of Traffic Safety*, 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975) where the arresting officer explained to the motorist that he could take the test or refuse

it and said, "It's entirely up to you . . . ," we held that there was a valid request which was not negated by the additional communication to the motorist of his option to withhold consent to take the test. In this case, it does not matter which of the three forms of the request we choose to accept. All three politely communicate an implied option not to take the test. *Boyle* governs; there was a request.

As to the refusal, we have consistently defined a refusal as anything substantially short of an unqualified unequivocal assent to an officer's request to the arrested motorist. *McMahon v. Commonwealth, supra; Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A.2d 24 (1972). Pedick clearly said, "No."

The decision of the lower court here amounts to a conclusion that the motorist may have been justified in saying "no" to the request because he was pleading guilty to drunken driving before the magistrate.

However, he obviously did not plead guilty to drunken driving at the scene, where the first request was made. Also, before the initial request, he admitted only that he had been "drinking," not necessarily that he was drunk. Hence his refusal preceded, and was independent of, his guilty plea.

Moreover, nothing in the law provides that the statutory duty is excused by an admission or guilty plea.

Because there is no basis for overturning the suspension, we must reverse.

## ORDER

AND Now, this 5th day of July, 1979, the order of the Court of Common Pleas of Cambria County at No. 1977-2733 sustaining the appeal of George Pedick is hereby reversed, and his appeal from the suspension of his motor vehicle operating privileges accordingly dismissed.