Joseph P. Moran, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*George C. Brady, III,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Francis P. Bach,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., July 9, 1979:

Petitioner was arrested by the Pennsylvania State Police for driving a vehicle while under the influence of alcohol in violation of Section 3731 of The Vehicle Code (Code), 75 C.S. §3731, 75 P.S. §3731. He was asked to submit to a breathalyzer test. He refused. The arresting officer transported him to the police station where he was again asked to take a breathalyzer test and again refused. At this point we arrive at the crux of petitioner's case and state from the State Police Officer's testimony:

> I advised him that his license could be suspended for a period of six months, just for refusing to take the test, whether or not he was found innocent or guilty of the charge on hand.
>
> Mr. Moran at this time asked to see the section. I got out the new Vehicle Code and I

went to the section and I showed it to him and he read it himself. At our station, he also made a phone call to someone, I don't know whether it was an attorney or who was on the other line, for advice. He again refused to take the test.

Section 1547 of the Code, 75 Pa. C.S. §1547(b)(2) provides: ''It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended or revoked upon refusal to submit to a chemical test.''

It is the petitioner's principal argument on appeal that the use of the words ''could be'' by the officer rather than ''will be'' is violative of the Code's specific provision and makes the suspension of the license improper.

We need not decide this narrow question in this case for it was quite clear in the testimony at the hearing before the trial court that petitioner did not rely on the officer's exact words. On the contrary, he requested and the officer supplied him with a copy of Section 1547 of the Code and he read it. Therefore, petitioner had from the officer precisely what the Code mandates the officer tell him.

Petitioner's remaining argument is that the equipment that would have been used in the breathalyzer test had not been approved and therefore the results of the test would not have been admissible even if petitioner had not refused to take it. Petitioner would distinguish our decision in *Commonwealth v. Heresko,* 28 Pa. Commonwealth Ct. 508, 368 A.2d 1357 (1977), on the ground that in *Heresko* there was no evidence that the equipment had been approved or disapproved, whereas here there is affirmative evidence that, unknown to the officer at the time, in fact the equipment had not been approved. In his opinion for the Court in *Heresko,* Judge MENCER did not so limit the holding. Indeed the entire thrust of the opinion is that

where the test has been refused, it is irrelevant whether the test would have been administered by approved equipment. Judge Lowe was quite correct in so interpreting *Heresko*.

Accordingly, we will affirm the trial court and enter the following

ORDER

AND Now, July 9, 1979, the order of the Court of Common Pleas of Montgomery County, dated March 6, 1978, in No. 77-19035, upholding the Department of Transportation's suspension of petitioner's operating privileges is affirmed.