## In re Gauker

*F. Brubaker*, for appellant.
*J. Lynch*, for Commonwealth.

HESS, *J.*, April 28, 1980—Forrest Robert Gauker, appellant, was involved in a motor vehicle accident, charged with driving while under the influence of alcohol and requested to take a chemical breath alcohol test. He refused and his privilege to drive a motor vehicle was suspended pursuant to the Vehicle Code, 75 Pa.C.S.A. §1547. He has appealed.

The record is brief. Appellant was advised by the police officer that he was arrested for driving under the influence, "that he (the officer) was an operator for the breathalyzer instrument, and that I would like to administer that test to him." The record also indicates that appellant said, "No." The officer also testified: "After he refused, I advised Mr. Gauker that refusal to submit to the breathalyzer test would result in a six month suspension of his operating privileges." No further request was made. Appellant contends that the request to take the test was made improperly in violation of section 1547(b)(2)—failure to advise appellant that his privilege would be suspended for "refusal to submit to a chemical test." The Secretary contends that the warning given after the refusal was sufficient compliance with the law. We disagree.

The facts before us appear to be without actual precedent. The hearing judge requested counsel to submit briefs on or before April 1, 1980, a date about three weeks after the hearing. We have received a brief from counsel for appellant but none on behalf of the Secretary.

The polite language of the police officer addressed to appellant might well be considered a "wishful desire" rather than a request, but counsel apparently agree that it should be considered as a "request" and we will do so. See Com. v. Pedick, 44 Pa. Commonwealth Ct. 44, 403 A. 2d 181 (1979). Our sole problem is whether the request was defective in view of the fact that the warning was not given until after the refusal.

It is clear that appellant refused to take the test. At that moment, section 1547(b)(1) of the act became operative and "the test shall not be given but upon notice by the police officer, the department shall: (i) suspend the operating privilege of the person for a period of six months." Without question, there was an unequivocal refusal to take the test. It is also clear that when the refusal was given, appellant had not been made aware of the penalty for refusal. The officer did thereafter give the warning, but did not again request appellant to take the test. In our opinion, when the officer fulfilled his duty to warn appellant, he should have made a further request of him to take the test.

In Moran v. Com., 44 Pa. Commonwealth Ct. 105, 403 A. 2d 637 (1979), two requests and two refusals were made. In Weitzel Appeal, 41 Pa. Commonwealth Ct. 235, 400 A. 2d 646 (1979) (an appeal from this jurisdiction), four requests were made and four refusals noted. In Weitzel, 30 or 45 minutes after the last refusal appellant changed his mind and requested that he be permitted to take the test. The officer refused and the court held that this change of position did not require the officer to give the test. It would appear to us that after any request and any unequivocal refusal (provided the warning

is given), the officer is permitted to consider the incident closed and report the refusal to the Secretary as authorized by law.

Com. v. Tillitt, _____ Pa. Commonwealth Ct. _____, 411 A. 2d 276 (1980), suggests that there must be a prior warning of the consequences of refusing to take the test before the individual involved is required to make a decision. In Peppelman v. Com., 44 Pa. Commonwealth Ct. 262, 265, 403 A. 2d 1041, 1043 (1979), the Commonwealth Court clearly indicated that insofar as the required warning to the arrested driver is concerned, the court will require strict compliance with the requirements of the act and refused to approve a warning that indicated the license *could be* suspended. The court stated: "The language of Section 1547(b)(2) is clear and unambiguous and the duty it imposes on the police officer is not difficult to perform. For us to hold, as we are asked, that an inaccurate performance of this duty is to be overlooked if the motorist has not relied on the warning would simply invite a trial of the issue of reliance whenever the warning was defective."

Relying upon the holding of the Commonwealth Court in Peppelman, we find that the warning was given improperly because appellant made his decision to refuse to submit to the test before the warning was given. When the officer complied with the law by giving the warning, in our opinion, a further request should have been made to appellant to submit to the test in view of the fact that he could now make an intelligent decision with knowledge of the penalty for refusal. No request was made and we are satisfied that the result should be the same as in Peppelman, supra, where the court stated:

"We refused to accept exculpatory issues at the behest of the motorists who failed to do what the statute required; and we believe we should not do so at the behest of erring public authority."

## ORDER

And now, April 28, 1980, the order of the Department of Transportation suspending the operating privilege of Forrest Robert Gauker is reversed and appellant's privilege is ordered to be reinstated.