521 A.2d 98
Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Barry Roney, Appellee.

Submitted on briefs December 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Richard D. Linderman, O'Donnell, Weiss, Mattei, Koury & Linderman, P.C.,* for appellee.

OPINION BY JUDGE CRAIG, February 19, 1987:

The Department of Transportation appeals from an order of the Court of Common Pleas of Montgomery County which reversed the department's suspension of Barry Roney's operating privileges for one year. After considering the undisputed facts, we reverse.

Roney, arrested for driving under the influence of alcohol, assented to a breathalyzer alcohol test. The alcohol level registered .227 on the breathalyzer machine. After Roney performed the breathalyzer test, he admitted that he had been driving while intoxicated.

After concluding the test, the arresting officer observed that Roney was chewing tobacco. Because the arresting officer believed that, if Roney had been chewing the tobacco during the breathalyzer test, the tobacco might invalidate the test results, he therefore directed that Roney be taken to the hospital for a blood alcohol test.

At the hospital, Roney refused to submit to the blood alcohol test. The police officer warned Roney that the law authorized a police officer to request more than one alcohol test, and that his refusal to submit to the blood alcohol test would result in an automatic suspension of his operating privileges for one year. Roney persisted in his refusals. The department, pursuant to section 1547(b) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b), suspended Roney's operating privileges for one year.[1]

---

[1] Section 1547(b) of the Vehicle Code provides:
(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the test shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

The department contends that the trial court erred in concluding that Roney's refusal to submit to the blood alcohol test did not constitute a refusal under section 1547(b) of the Vehicle Code. The trial court reasoned that the arresting officer's request that Roney submit to a blood alcohol test was not necessary because the breathalyzer alcohol test was valid, and because Roney had admitted that he had been driving while intoxicated.

This court in *McFarren v. Department of Transportation*, 96 Pa. Commonwealth Ct. 262, 507 A.2d 879 (1986), upheld the legal propriety of dual alcohol testing, even when the breathalyzer machine had functioned properly the first time. Further, in *McFarren*, we stated that no prejudice or harm befell the motorist because he was requested to submit to an alcohol test twice. Similarly, in this case, no prejudice or harm was imposed upon Roney because he was requested to submit to both breath and blood tests. Therefore, Roney's refusal to submit to the blood alcohol test did constitute an unwarranted refusal under section 1547(b) of the Vehicle Code.

Moreover, in *Department of Transportation, Bureau of Traffic Safety v. Pedick*, 44 Pa. Commonwealth Ct. 44, 403 A.2d 181 (1979), this court stated that nothing in the law provides that a motorist's admission of driving under the influence of alcohol excuses him from his statutory duty of consenting to an alcohol test.

Accordingly, the order of the court of common pleas is reversed.

---

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.
. . . .

ORDER

Now, February 19, 1987, the order of the Court of Common Pleas of Montgomery County, at No. 85-06237, dated August 7, 1985, is reversed.