539 A.2d 928

In Re: Appeal from Suspension of Driving Privileges of David John Lewis. David John Lewis, Appellant.

Submitted on briefs February 25, 1988, to Judges CRAIG, MCGINLEY and SMITH, sitting as a panel of three.

*William Watt Campbell,* for appellant.

*Robert M. Rovine,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE CRAIG, March 31, 1988:

David John Lewis appeals from an order of the Court of Common Pleas of Lancaster County dismissing his appeal from the suspension of his operating privilege for a period of one year by the Department of Transportation (DOT), pursuant to section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, because of his refusal to submit to a breathalyzer test.

The sole issue raised by Lewis before the trial court and on this appeal is whether the warning that the arresting officer read to Lewis, from the form adopted by the Manheim Township Police Department, informed Lewis with sufficient certainty that the consequence of his refusal would be suspension.[1]

The warning that the police officer read to Lewis (which Lewis acknowledged understanding by oral responses and by signing the form from which the warning was read) stated in pertinent part as follows:

[Section 1547] further provides that if you are placed under arrest for a violation of Section 3731 (relating to driving under influence of alcohol or controlled substance) and are requested to submit to chemical testing and refuse to do so, the testing shall not be conducted, but upon notice by the police officer, the department shall

---

[1] Our scope of review of an appeal of a driver's license suspension is to determine whether the findings of the trial court were supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Kazil,* 97 Pa. Commonwealth Ct. 151, 510 A.2d 148 (1986).

suspend your operating privilege for a period of twelve (12) months.

In accordance with the provisions of that section of the Vehicle Code, I have now advised you that your operating privilege will be suspended upon your refusal to submit to chemical testing.

Lewis contends that the phrase "but upon notice by the police officer" in the above-quoted warning renders the warning sufficiently uncertain and equivocal so that the officer's reading that warning to him did not fulfill the officer's statutory duty "to inform the person that the person's driving privilege will be suspended upon refusal to submit to chemical testing." 75 Pa. C. S. §1547(b)(2).

The first paragraph quoted above from the warning is a paraphrase of §1547(b)(1); the portion of that paragraph containing the phrase "but upon notice by the police officer" is taken verbatim from the statute. The second paragraph quoted above is a paraphrase, again verbatim in part, of §1547(b)(2). The warning form overall is an exact recitation of the content of §1547(a) and (b), paraphrased only to the extent necessary to change the material to the second person.

This court has held previously that an officer's permitting a motorist to read a copy of §1547 fulfilled the officer's statutory duty and provided the motorist with precisely the information that the Code mandates that the officer tell him, even though the officer first orally gave an equivocal warning that the motorist's license "could be" suspended for refusal to submit to a chemical test. *Moran v. Commonwealth,* 44 Pa. Commonwealth Ct. 105, 403 A.2d 637 (1979). Because the language attacked by Lewis here is taken verbatim from the statute, obviously, under *Moran,* that language does not render the warning given to Lewis equivocal. Therefore, we affirm the trial court's order dismissing Lewis' appeal of his suspension.

DOT raises a second issue in this case, asking that it be awarded reasonable counsel fees and delay damages in this matter pursuant to Pa. R.A.P. 2744 because Lewis' appeal is frivolous, arbitrary and vexatious as a matter of law. Pa. R.A.P. 2744 permits an appellate court to award as further costs damages as may be just, including a reasonable counsel fee and delay damages, or to remand to the trial court for determination of the amount of damages, where the appellate court determines that "an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."

This court has held that a key factor in determining whether an appeal is frivolous is "whether, either as a matter of fact or law, the appellant's contentions have any likelihood of success." *Appeal of Langmaid Lane Homeowners Association,* 77 Pa. Commonwealth Ct. 53, 60, 465 A.2d 72, 75 (1983). Lewis' counsel, in his reply brief, contends that there was some likelihood of success here because no previous case raised precisely the point raised on this appeal. However, this contention is incorrect because the appeal constitutes a purely legal challenge to statutory language incorporated in a warning form, and, as discussed above, this court has held that the language of the statute is not equivocal. Therefore, the appeal had no likelihood of success.

Counsel also argues that DOT's failure to oppose the entry of supersedeas in this case should preclude an award of counsel fees to DOT. Implicit in DOT's request for an award of a counsel fee is an assertion that the department has been forced to expend attorney resources unnecessarily in order to respond to a frivolous appeal. The fact that DOT chose not to expend further resources by participating in the supersedeas proceed-

ing should not be construed as a tacit agreement on DOT's part that the appeal had merit.

Because this appeal in essence is nothing more than a challenge to statutory language expressly approved by this court some nine years ago, we believe that this case presents an appropriate set of circumstances to justify an award of a reasonable attorney fee to DOT pursuant to Pa. R.A.P. 2744.

## ORDER

NOW, March 31, 1988, the order of the Court of Common Pleas of Lancaster County, at No. 441-1987, dated May 14, 1987, is affirmed.

Pursuant to Pa. R.A.P. 2744, Licensee shall be liable to the Department of Transportation for a reasonable counsel fee related to this appeal, as may be reflected by a bill of cost to be filed on behalf of the Department of Transportation to the trial court, to which this case is hereby remanded to determine the amount to be paid to the Department of Transportation.

Jursidiction relinquished.