598 A.2d 1054

**Michael P. STETOR, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted, May 24, 1991.

Decided Oct. 23, 1991.

Matthew M. Sarsfield, for appellant.

William A. Kuhar, Jr., Asst. Counsel, for appellee.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

Michael P. Stetor appeals from an order of the Court of Common Pleas of Allegheny County which affirmed a one-year license suspension imposed by the Department of Transportation, Bureau of Driver Licensing (department) for refusing to submit to a breathalyzer test in violation of section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b).

The issues in this case are (1) whether a licensee who admits at the time of his arrest that he is guilty of driving while intoxicated is exempt from the provisions of section 1547(b) of the Code; and (2) whether the licensee's appeal to this court is frivolous and warrants an award of costs and counsel fees to the department under Pa.R.A.P. 2744.

The record indicates that the department notified the licensee on June 5, 1990, that his operating privilege would be suspended for one year pursuant to section 1547(b) of the Code, 75 Pa.C.S. § 1547(b), as a result of his refusal to submit to chemical testing on May 20, 1990. The licensee appealed to the Court of Common Pleas of Allegheny County which conducted a de novo hearing on September 18, 1990.

At the hearing, Officer James Lundy testified that he investigated a three-car accident on May 20, 1990. During his investigation of the accident, Officer Lundy detected a strong odor of alcohol on the licensee's breath.

Officer Lundy asked the licensee to perform a field sobriety test. The licensee responded by stating, "I'm guilty, there is no reason for it." Thereafter, Officer Lundy arrested the licensee for driving under the influence of alcohol and transported him to the police station. In the car, Officer Lundy informed the licensee of his obligation to submit to chemical testing. The licensee refused.

At the police station, Office Lundy again asked the licensee if he would submit to a chemical test. The licensee refused, stating "It doesn't matter, I'm guilty." Officer Lundy informed the licensee that by his refusing chemical testing, his license would be suspended for a period of one year.

The licensee testified on his own behalf. The licensee testified that at the time of his arrest on May 20, 1990, he was very intoxicated. The licensee stated that, because he admitted that he was guilty of drunk driving, there was no reason for him to submit to the field sobriety test and the intoxilyzer test.

In an order dated September 18, 1990, the trial court dismissed the licensee's appeal, and this appeal followed.

### 1. Admission

■ The licensee contends that, because he admitted guilt when the officer requested him to submit to a field sobriety test and chemical analysis, the requirements of 75 Pa.C.S. § 1547 were not applicable to him because of his admission.

The licensee contends that *Department of Transportation, Bureau of Traffic Safety v. Pedick*, 44 Pa. Commonwealth Ct. 44, 403 A.2d 181 (1979), supports his contention that chemical testing is not necessary when a licensee admits his guilt at the time of his arrest. We disagree.

In *Pedick*, this court reversed the decision of the trial court which sustained the motorist's appeal from a license suspension imposed by the department pursuant to 75 Pa. C.S. § 1547. The trial court concluded that the motorist in that case was justified in refusing to submit to chemical

testing because he pleaded guilty to drunk driving before the magistrate. In reversing the common pleas court, this court stated:

> However, he obviously did not plead guilty to drunken driving at the scene, where the first request was made. Also, before the initial request, he admitted only that he had been "drinking," not necessarily that he was drunk. Hence his refusal preceded, and was independent of, his guilty plea.
>
> *Moreover, nothing in the law provides that the statutory duty is excused by an admission or guilty plea.*

*Id.*, 44 Pa.Commonwealth Ct. at 47, 403 A.2d at 182 (emphasis added).

The licensee contends that, because he pleaded guilty at the time of his arrest, rather than at the preliminary hearing, as in *Pedick*, the opinion in that case supports his theory that he was justified in refusing to submit to chemical testing. However, the emphasized language in *Pedick* states that no admission of guilt exempts a licensee from the provisions of 75 Pa.C.S. § 1547.

In *Department of Transportation v. Roney*, 104 Pa. Commonwealth Ct. 125, 521 A.2d 98 (1987), the police arrested the licensee for driving under the influence of alcohol and requested him to submit to a breathalyzer test. After the licensee performed the breathalyzer test, he admitted that he was driving while intoxicated.

Thereafter, the arresting officer observed the licensee chewing tobacco. The officer then requested the licensee to submit to a blood alcohol test because the officer believed that if the licensee had been chewing the tobacco during the breathalyzer test, the tobacco might invalidate the test results. The licensee refused the test, and the department suspended his license pursuant to 75 Pa.C.S. § 1547(b).

In that case, the trial court reasoned that the arresting officer's request that the licensee submit to a blood alcohol test was not necessary because the licensee had admitted that he had been driving while intoxicated. This court reversed the trial court's decision, stating:

Moreover, in *Department of Transportation, Bureau of Traffic Safety v. Pedick,* 44 Pa. Commonwealth Ct. 44, 403 A.2d 181 (1979), this court stated that nothing in the law provides that a motorist's admission of driving under the influence of alcohol excuses him from his statutory duty of consenting to an alcohol test.

*Id.,* 104 Pa.Commonwealth Ct. at 127, 521 A.2d at 99.

Additionally, in *Department of Transportation, Bureau of Driver Licensing v. Smith,* 114 Pa. Commonwealth Ct. 420, 539 A.2d 22 (1988), this court, relying on our previous decision in *Department of Transportation, Bureau of Traffic Safety v. Emory,* 91 Pa. Commonwealth Ct. 580, 498 A.2d 26 (1985), stated that the Commonwealth's successful prosecution of a licensee accused of driving under the influence of alcohol does not absolve the licensee from the mandatory suspension of his license for refusing to submit to a blood alcohol test. License suspension proceedings are civil in nature, and are separate and apart from the criminal proceedings.

All of the above cited precedents indicate that a licensee's admission to driving while intoxicated, at the scene of an accident or at any other stage of the proceedings, is not a defense to a suspension resulting from the licensee's refusal to submit to chemical testing and does not excuse the motorist from compliance with the implied consent law.

Accordingly, because the language of section 1547(b) of the Code, 75 Pa.C.S. § 1547(b) states: "[i]f any person placed under arrest for a violation of section 3731 ... is requested to submit to chemical testing and refuses to do so, ... the department shall suspend the operating privilege of the person for a period of 12 months" and the licensee in this case refused to submit to chemical testing, the department properly suspended his license for a period of one year.

## 2. Frivolous Appeal

The department argues that this appeal is frivolous and requests this court to remand the case to the trial court

to award legal fees and damages as authorized by Pa. R.A.P. 2744. That rule provides:

**Rule 2744. FURTHER COSTS. COUNSEL FEES. DAMAGES FOR DELAY**

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

A frivolous appeal is one in which "no justiciable question has been presented and ... is readily recognizable as devoid of merit in that there is little prospect of success." *Polinsky v. Department of Transportation,* 131 Pa. Commonwealth Ct. 83, 88, 569 A.2d 425, 427 (1990). We disagree with the department that this appeal is frivolous.

The licensee's contention in this case is that this court intimated in *Pedick* that a licensee who admits that he is guilty of drunk driving at the time of his arrest is justified in refusing to submit to chemical testing. As noted above, our holding in *Pedick* involved only a guilty plea, not a pre-test admission.

Both *Pedick* and *Roney* involved post-test admissions. Because this case is the first one dealing with a pre-test admission, the licensee's appeal is not frivolous.

Accordingly, the order of the trial court is affirmed.

## ORDER

NOW, October 23, 1991, the order of the Court of Common Pleas of Allegheny County at No. S.A. 187 of 1990, entered September 18, 1990, is affirmed.

SILVESTRI, Senior Judge, concurring and dissenting.

I join with the majority in affirming the trial court but dissent from their denial of the request of the Department of Transportation for an award of costs and counsel fees under Pa.R.A.P. 2744 by reason of Appellant's appeal being frivolous.

The majority under "1. Admission" of their opinion sets forth succinctly "that nothing in the law provides that a motorist's admission of driving under the influence of alcohol excuses him from his statutory duty of consenting to an alcohol test."

The majority, under "2. Frivolous Appeal" distinguishes this case from *Pedick* and *Roney*, which in my view, is a distinguishment without difference. Accordingly, I would grant the department's request for an award of costs and counsel fees.