520 A.2d 527

Matthew McSwain, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued October 8, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Carl M. Moses,* for appellant.

*Anthony Perfilio, Rodgers, Perfilio, Heiman & Sewinsky, P.C.,* for appellee, City of Farrell.

OPINION BY JUDGE COLINS, January 23, 1987:

Matthew McSwain (appellant) was convicted of violating an ordinance[1] of the City of Farrell, relating to certification of rental dwellings. He was sentenced by the district justice to pay a One Hundred Dollar ($100.00) fine and court costs. On July 30, 1984, he appealed his conviction to the Court of Common Pleas of Mercer County, which affirmed his conviction and reimposed the fine. Although appellant does not contest the municipality's factual averments, he argues that the ordinance is unconstitutional as an illegal exercise of the Commonwealth's police power and, therefore, that his summary conviction should be reversed.

Section 2.1 of the ordinance provides that no dwelling or dwelling unit becoming vacant shall be leased, rented, or occupied until the city Health Officer performs an inspection to make certain that the dwelling substantially conforms to the Housing Code. The ordinance further provides that when the dwelling becomes vacant, the owner shall so notify the Health Officer who will perform the inspection within seven days. Specific housing standards necessary for certification are described in the ordinance. Appellant failed to comply with these procedures in that one rental unit which he owned in the City of Farrell became vacant and was re-rented without notification to or certification by the Health Officer.

---

[1] Section 2.1 of the revised Farrell Housing Code of the City of Farrell, Pennsylvania, Ordinance O-12-1959 (November 30, 1959).

On appeal, appellant contends that the ordinance violates the Pennsylvania and United States Constitutions in the following ways: (1) by denying him life, liberty, or property without due process of law in that the ordinance is not necessary for the public welfare; (2) by denying him equal protection of the law in that it does not apply equally and uniformly to all persons similarly situated; and (3) by allowing the government to circumvent Fourth Amendment prohibitions against unreasonable searches and seizures. For the reasons hereinafter stated, we shall affirm the trial court.

Preliminarily, we note that appellant did not raise the Fourth Amendment issue before the trial court and issues not raised before the trial court are deemed waived on appeal. Pa. R.A.P. No. 302(a). Waiver may not be avoided by alleging that the issue is of constitutional dimension. *Commonwealth ex rel. Bulson v. Bulson,* 278 Pa. Superior Ct. 6, 419 A.2d 1327 (1980). Because appellant did not raise this issue before the trial court, we find it waived.

We shall also dismiss appellant's due process and equal protection challenges for the reasons hereinafter stated.

## I. DUE PROCESS

As a measure taken by the City of Farrell to ensure that rental property within the City is safe, healthful, and habitable, the ordinance requiring landlords to notify the City of a change in tenants in rental property and allow inspection of the premises for health and safety violations is a proper exercise of the City's police powers. The power of state and local authorities to act in the areas of health and safety and, thus, within their police powers, is as comprehensive as the demands of society require and the least limitable of their powers. *National Wood Preservers, Inc. v. Commonwealth,* 489

Pa. 221, 414 A.2d 37, *appeal dismissed,* 449 U.S. 803 (1980). In exercising its police power, the state and its political subdivisions may not only suppress what is offensive, disorderly, and unsanitary, but may enact regulations to promote the public health, morals, or safety and the general well-being of the community. *Commonwealth v. Harmar Coal Company,* 452 Pa. 77, 306 A.2d 308 (1973), *appeal dismissed,* 415 U.S. 903 (1974).

Under Article I, Section 1, of the Pennsylvania Constitution and the due process clause of the Federal Constitution, the exercise of the police power by state and local entities is limited only to the extent that the law enacted should bear a real and substantial relation to the object sought to be obtained by the law. *Goldblatt v. Town of Hempstead,* 369 U.S. 590 (1962); *Bacchetta v. Bacchetta,* 498 Pa. 227, 445 A.2d 1194 (1982). Thus, it is only where the exercise of the police power is so palpably unreasonable as to suggest that its real object is not to protect the community or to promote the general well-being that a law is subject to judicial rejection. *Parise v. State Board of Funeral Directors,* 52 Pa. Commonwealth Ct. 80, 415 A.2d 153 (1980).

In exercising its power to legislate for the general welfare of its citizens, a city has wide discretion in determining what is and is not necessary to those ends, *City of El Paso v. Simmons,* 379 U.S. 497 (1965), and one challenging the constitutionality of such an enactment has the heavy burden of proving by clear and unmistakable evidence that the law bears no relationship to the ends sought by the city. *Lutz v. Armour,* 395 Pa. 576, 151 A.2d 108 (1959); *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A.2d 851 (1958).

In light of these principles, it is clear that the trial court was correct in finding that the ordinance is a con-

stitutional exercise of the City's police power, and that the appellant has failed to carry his burden of proving otherwise. In order to protect the health, safety, and welfare of its citizens, the City adopted this inspection ordinance, which provides for ascertaining the habitability of rental property through inspection for particular hazards, and furthers the goal of providing an adequate supply of safe housing. That this ordinance does accomplish these goals is supported by the facts adduced at trial which show that while the City once had many dilapidated buildings, a system of reasonable inspections has improved this situation. Further, that inspections upon the change in tenancy of the rental property are reasonably necessary to these goals is shown by the testimony of the City's code enforcement officer, who stated that often rental property is left in an unsafe and unsanitary condition by tenants when they vacate.

Appellant's main objection to this ordinance is that it imposes a burden on the use of his property by requiring him to obtain a city inspection prior to its re-rental. However, it is undeniable that the police power may be constitutionally exercised even where it impairs certain property rights or requires that new costs or burdens be associated with that property. *Goldblatt,* 369 U.S. at 592-93. "Regulation under authorized exercise of police power is due process even though the property of a business is taken or destroyed." *Palumbo Appeal,* 166 Pa. Superior Ct. 557, 566, 72 A.2d 789, 793 (1950). Only when the law unreasonably restricts an individual's right to use his property is legislation subject to constitutional attack; mere economic loss to the owner is insufficient. *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970); *National Land & Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965).

Here, there is no unreasonable restriction on appellant's right to use his property. Appellant has offered

only vague testimony that he has lost tenants at some point and that he feels he should have a right to rent his property without waiting even one day for an inspection to be performed. It was demonstrated in the trial court that any burden placed on appellant with regard to the rental of the property in the instant case was the result of his own dilatory conduct in complying with the notice and inspection requirements. Further, any burdens placed on owners of rental property as a result of this ordinance, which are *de minimis* at best, are lessened by the City's actions in promptly inspecting the property once notice is given, and allowing lessees to occupy habitable buildings pending the issuance of a certificate of occupancy. Hence, there has been no showing that the ordinance is in any respect unreasonable. Thus, no due process violation has occurred.

## II. EQUAL PROTECTION

Appellant alleges an equal protection violation in the ordinance because it differentiates between rental premises and those which are occupied by the owner.[2]

---

[2] Section 2.1 of the ordinance states:

No dwelling or dwelling unit hereafter becoming vacant and available for occupancy or reoccupancy shall be leased, rented, or occupied for dwelling purposes by other than the lawful owner until the Health Officer has certified in writing on a form provided by the City that such dwelling or dwelling unit substantially conforms with the provisions of this ordinance.

It shall be unlawful for any owner, agent, lessor or other person, to hereafter rent, lease, or let space be occupied by others as a dwelling or dwelling unit unless notice of intention to so rent, lease or let is first filed in the Office of the Health Officer. The Health Officer shall inspect such premises within one (1) week of said filing of notice and upon substantial compliance of the premises with the provisions of this ordinance, shall certify same as being

Under the equal protection guarantees, distinctions and classifications in legislation are not prohibited, but must only bear some relationship to the ends to be achieved by the law. *Stottlemyer v. Stottlemyer,* 458 Pa. 503, 329 A.2d 892 (1974). Under the equal protection clause, a legislative classification need bear only a rational relationship to the object sought to be achieved by the law, and will be overturned only if it rests on grounds wholly irrelevant to the achievement of the state's purpose. *McGowan v. Maryland,* 366 U.S. 427 (1961). Only when a fundamental right or suspect classification is implicated by the law does strict scrutiny, *i.e.,* a necessity of showing a compelling interest, apply.

The appellant erroneously asserts that a fundamental right is involved here: his right to hold and use property. While someone deprived of property is entitled to due process, due process is not synonymous with a fundamental right. Rights which have been deemed to be fundamental, thus triggering strict scrutiny, include privacy and freedom of speech, but do not include the right to freely hold and dispose of one's property. We are guided by *Greenacres Apartments, Inc. v. Bristol Township,* 85 Pa. Commonwealth Ct. 572, 482 A.2d 1356 (1984), which involved an ordinance which required an inspection upon vacancy of an apartment before it could be re-rented and an annual fee from apartment building owners in order to implement such inspections. The appellant there argued that the ordinance violated equal protection principles because it ex-

suitable for occupancy. In the event the Health Officer denies certification, he shall state the reasons therefor in writing to the person filing said notice within three (3) days after inspection of the premises. Said person may then request and shall be granted a hearing by the Board of Health under the procedure provided by Section 3 of this Ordinance.

empted hotels and motels from the licensing fee and inspection requirements. There we held that the interest at stake was not a fundamental right and the challenged classification was not suspect; accordingly, we found that under the appropriate "rational basis" test, the ordinance's purpose of protecting the public health, safety, and welfare was rationally related to the ordinance.

In this regard, the New Jersey case of *Dome Realty, Inc. v. City of Paterson,* 83 N.J. 212, 416 A.2d 334 (1980), is also instructive and supports the reasonableness of the classification here. There, the landlord made the same equal protection argument advanced by appellant in the matter *sub judice,* but the New Jersey Supreme Court, applying a rational basis test, rejected the challenge. A distinction between owner-occupied housing and rental property was rational, the court stated, because those who live in their buildings have greater incentive to maintain them in accord with minimum standards of habitability. Therefore, it was held rational for a city to conserve its enforcement resources by making such a distinction.

The same may be said about the ordinance here at issue. It is reasonable to require frequent inspections of only those dwellings occupied by lessees, especially in light of evidence adduced at trial showing more safety and health problems with those dwellings. Since there is a rational basis for the distinction between rental property and owner-occupied property, we find no equal protection violation.

Finding both of appellant's arguments properly before this Court meritless, we affirm the order of the trial court.

## ORDER

AND NOW, this 23rd day of January, 1987, the order of the Court of Common Pleas of Mercer County in the above-captioned matter is hereby affirmed.