557 A.2d 443

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Antoinette Campion Kruc, Appellee.

Submitted on briefs November 9, 1988, before. President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Paul Gordon Hughes, Sereni and Lunardi,* for appellee.

OPINION BY SENIOR JUDGE BLATT, April 17, 1989:

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the order of the Court of Common Pleas of Philadelphia County sustaining the appeal of Antoinette Campion Kruc (appellee) and reversing DOT's suspension of her operating privilege. We will reverse.

The facts surrounding the arrest of the appellee are considerably disputed. Because the trial court accepted her testimony as credible, we will set forth the facts as portrayed by the appellee. According to her, she was on her way home from Chinatown in center city Philadelphia on Sunday, March 15, 1987, when she was arrested by Officer James Boleman at approximately 7:55 p.m. She came upon some construction as she was traveling west on Vine Street approaching the intersection with 15th Street. To avoid entering the expressway, she crossed the medial strip in order to get into the local lanes of Vine Street.[1] Officer Boleman observed this, and subsequently signaled for the appellee to pull over. He then arrested her for driving while intoxicated.[2] She was brought to Officer James Whitt, a breathalyzer operator, at the Police Administration Building at around 11:30 that night.

Obviously, a considerable period of time had passed between the time of her arrest and the time when the appellee was requested to undergo a breathalyzer test.[3] She pointed out to Officer Whitt that as a physician, she knew that this would affect the accuracy of the results, and therefore refused to submit to the test. She did, however, indicate that she would be willing to undergo a

---

[1] Officer Boleman's account of this event is much more dramatic. He testified that when the appellee's car crossed over the medial strip, it became airborne. Upon landing in the local lanes, she continued through the intersection of Vine and 15th Streets through a steady red signal and narrowly missed hitting Officer Boleman's car, which was traveling south on 15th Street.

[2] In addition to the appellee's difficulty in navigating her vehicle along Vine Street, Officer Boleman testified that he observed that the appellee's breath smelled strongly of alcohol. She did not deny this, and admitted to drinking 1 1/2 glasses of wine that evening.

[3] The details of what happened during this period and why so much time elapsed are unclear, but apparently the appellee was in a holding cell.

test of blood or urine. Officer Whitt warned her that if she did not take the breathalyzer test, she would lose her license, and that she could not choose the test that she would like to take.[4] The appellee's behavior was taken as a refusal.

On the basis of this refusal, DOT mailed an official notice to the appellee on April 3, 1987, indicating that her driving privileges would be suspended for one year, effective May 8, 1987, pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547. She did not appeal this decision to the trial court until June 16, 1987, 74 days after the mailing date of DOT's official notice.[5] At that time, she filed a Petition for Permission to Appeal Suspension of Motor Vehicle Operator License Suspension Nunc Pro Tunc, alleging that she never saw DOT's official notice until sometime after the 30-day appeal period had expired. This, she said, was due to the significant amount of medical literature and junk mail she receives as a physician.

Although no order appears in the certified record, the appellee's request for allowance of appeal *nunc pro tunc* was apparently granted. An evidentiary hearing was held before the trial court on the merits of this case on January 20, 1988. The appellee, Officer Boleman and Officer Whitt were present, and each testified. The trial court then entered an order on March 15, 1988 sustaining the appellee's appeal and reversing her suspension. An opinion was later filed on April 22, 1988, indicating specifi-

---

[4] The specific warning given to the appellee is disputed, but the adequacy of the warning is not at issue. Also, the appellee signed the standard warning form.

[5] Pursuant to Section 1550(c) of the Code, 75 Pa. C. S. §1550(c) and Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b), such an appeal must be commenced within 30 days after the entry of the order from which the appeal is taken.

cally that the appellee's testimony was found to be credible.

In DOT's brief on appeal to this Court, it raises for the first time a challenge to the appellee's *nunc pro tunc* appeal to the trial court. It argues that the trial court abused its discretion by allowing the appeal, because the appellee's reason for untimely filing is insufficient as a matter of law.[6] In response, the appellee argues that DOT has waived this issue by not raising it before the trial court.

Although it is true that DOT did not oppose the petition to appeal *nunc pro tunc* and never raised this issue before now, and that this case would certainly be tidier if it had, we believe that this is a question of jurisdiction. Therefore, pursuant to Pa. R.A.P. 741(b)(1), it cannot be waived. Even if DOT had never brought it up, this Court could have raised the issue *sua sponte*. By allowing the appeal *nunc pro tunc,* the trial court extended the time for filing, thereby extending itself jurisdiction it would not have otherwise had. The law is clear that this may be done only in very limited circumstances. The late filing of appeals will only be excused when there has been a delay caused by fraud or some breakdown in the court's operation through default of its officers, or by the completely non-negligent mishaps of an appellant's attorney. *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979); *Rick*. Clearly, the appellee's reason for delay in filing her appeal to the trial court does not meet these requirements. Therefore, we must conclude that the trial

---

[6] Our scope of review of a trial court's decision of whether to allow an appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa. Commonwealth Ct. 514, 462 A.2d 902 (1983).

court erred in granting her petition to appeal *nunc pro tunc*.[7]

We will, accordingly, reverse the trial court's order.

## ORDER

AND NOW, this 17th day of April 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed, and the suspension of the operating privilege of Antoinette Campion Kruc is reinstated.

---

[7] Because of our disposition of this case on this first issue, we need not address the issues of reasonable grounds and refusal of testing.

---

DISSENTING OPINION BY JUDGE COLINS:

I must vigorously dissent. I do not agree with the majority's conclusion that the issues involved in this matter are jurisdictional and can, therefore, be raised by this Court *sua sponte*.

It is axiomatic that the Philadelphia County Court of Common Pleas has jurisdiction to hear a petition for the allowance of an appeal *nunc pro tunc*, concerning a license suspension matter which arose in Philadelphia County.

The Department simply sat on its hands and failed to raise any appropriate defenses below. The issue of timeliness has been presented for the first time in this Court. If the Department wished to contest the allowance of the appeal *nunc pro tunc*, the Department should have contested it in its answer to the petition, which it did not do, as none was filed, or raised it as an issue on the record in the trial court below. This was not done. Therefore, despite the fact that the majority may be correct in its general statement of the law, the opinion violates the fundamental principle of appellate review that issues not

raised in the court below will not be considered on appeal. *McSwain v. Commonwealth,* 103 Pa. Commonwealth Ct. 326, 520 A.2d 527, *petition for allowance of appeal denied,* 517 Pa. 600, 535 A.2d 1058 (1987). *See* Pa. R.A.P. 302(a). *See also* R. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice §302:1.

It was within the province of the trial court, as factfinder, to reject the testimony of the police officer and accept that of the defendant. We must accept the wisdom of the trier of fact and not substitute our judgment for that of the trial court in such matters. In *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), our Supreme Court, in no uncertain terms, cautioned appellate courts that they must not interfere with the factual findings of trial courts:

> When appellate courts review the decision of a court of common pleas in a license suspension case, the scope of review is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. Commonwealth of Pennsylvania, Department of Transportation v. Korchak, 506 Pa. 52, 483 A.2d 1360 (1984); Bureau of Highway Safety v. Wright, 355 Pa. 307, 49 A.2d 783 (1946).
>
> Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts. Korchak; see also, Waigand v. Commonwealth, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982); McMahon v. Commonwealth, 39 Pa.Commonwealth Ct. 260, 395 A.2d 318 (1978).

As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility. This rule of law is well established in our jurisprudence and is rooted in concepts of fairness, common sense and judicial economy. Norfolk & W. Ry. Co. v. Pa. Public Utility, 489 Pa. 109, 413 A.2d 1037 (1980); PHRC v. Chester Housing Authority, 458 Pa. 67, 327 A.2d 335 (1974); Burbage v. Boiler Eng'g. & Supply Co., 433 Pa. 319, 249 A.2d 563 (1969); D.F. Bast, Inc. v. Pa., PUC, 397 Pa. 246, 154 A.2d 505 (1959); see also, McGovern's Estate v. State Employment Retirement Bd., 512 Pa. 377, 517 A.2d 523 (1986).

*Id.* at 248, 555 A.2d at 875-876.

By explicitly choosing to accept the appellee's testimony over that of the officer's, the trial court was correct in holding that the Department had failed to satisfy its burden of proving that the arresting officer had reasonable grounds to believe that the appellee was driving while intoxicated.

Accordingly, the opinion of the trial court should be affirmed.