# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Barris,  :
      Appellant  :
  :
  :
v.  :  No.  671 C.D. 2020
  :
Stroud Township  :  Submitted:  August 8, 2025


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**<u>OPINION NOT REPORTED</u>**

MEMORANDUM OPINION BY
JUDGE WOLF                                     FILED:  April 23, 2026


This appeal returns to us on remand from the Pennsylvania Supreme Court's decision in *Barris v. Stroud Township*, 310 A.3d 175 (Pa. 2024) (*Barris III*). Jonathan Barris appeals from the May 26, 2020 order of the Court of Common Pleas of Monroe County (trial court).  The trial court granted summary judgment to Stroud Township (Township) on all of Barris's claims challenging the constitutionality of the Township's Ordinance No. 9-2011, which restricts the discharge of firearms within the Township.  This Court had earlier determined that Barris was entitled to summary judgment on his claim under the Second Amendment to the United States Constitution.  *See Barris v. Stroud Twp.*, 257 A.3d 209, 226 (Pa. Cmwlth. 2021) (*Barris II*), *rev'd by Barris III*, 310 A.3d 175 (Pa. 2024).  Our Supreme Court reversed that determination and instructed us on remand to address Barris's remaining arguments on appeal.  We find those arguments without merit and we affirm the trial court's order.

Our Supreme Court explained the relevant facts. *See Barris III*, 310 A.3d at 190-98. To summarize: Barris purchased a 4.66-acre lot in the Township's residential zoning district in 2009. *Id.* at 191. Several neighbors complained to police that Barris was target shooting with firearms on his property, but police determined no laws or ordinances were violated. *Id.* In 2011, the Township passed Ordinance 9-2011 (Ordinance). The Ordinance prohibits discharge of firearms except at indoor or outdoor shooting ranges and effectively prohibits target shooting in 65% of the Township, including all of the residential district. *Id.* at 177. Barris filed a zoning permit application to build a shooting range on his property, which the Township's zoning officer denied. *Id.* at 195. Rather than appeal the denial, Barris filed the instant action for declaratory and injunctive relief in the trial court. *Id.* at 196.

Barris's original complaint alleged the Ordinance violates his right to bear arms under the United States and Pennsylvania constitutions, as well as the preemption clause of the Pennsylvania Uniform Firearms Act of 1995 (UFA), 18 Pa. C.S. § 6120, and other Pennsylvania statutory law. The trial court sustained the Township's demurrer and dismissed the complaint in its entirety. On appeal, we affirmed the dismissal as to the state statutory claims, but vacated the trial court's dismissal of Barris's constitutional claims and remanded. *See Barris v. Stroud Twp.* (Pa. Cmwlth., No. 218 C.D. 2016, filed November 17, 2017) (*Barris I*).

Barris amended his complaint on remand in the trial court, claiming the Ordinance violates the right to bear arms under the Second Amendment and his due process rights under the Fourteenth Amendment to the United States Constitution, among other claims.[1] *See Barris II*, 257 A.3d at 216. After discovery, the trial court

---

[1] The amended complaint included claims under the Pennsylvania Constitution, but Barris

**(Footnote continued on next page…)**

initially denied summary judgment to both parties, and the Township submitted further evidence. In its May 26, 2020 opinion and order, which is on appeal in this matter, the trial court granted summary judgment to the Township. Reproduced Record (R.R.) at 143-58. Barris appealed, and we reversed based on the Second Amendment claim alone. *Barris II*, 257 A.3d at 226. We concluded that the Ordinance impermissibly burdened the right to become proficient in the use of firearms, and thus facially violated the Second Amendment. *Id.* at 226 n.18. We did not address Barris's other arguments, including his due process claims under the Fourteenth Amendment and whether the trial court erred in denying his as-applied constitutional challenges for failure to exhaust administrative remedies. *Id.*

The Supreme Court granted allocatur as to the facial Second Amendment challenge only, and it reversed our decision on that question. *Barris III*, 310 A.3d 215-16. The Court concluded that the Township had shown the Ordinance is consistent with the historical tradition of firearm regulation, and thus satisfies the test for the Second Amendment recently set forth by the United States Supreme Court. *Id.* (citing *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022)). The Court remanded for this Court to consider Barris's "other claims, including under substantive and procedural due process." *Id.* at 215 n.59

The remaining issues on appeal[2] are as follows:

---

abandoned those claims on appeal to this Court and they are not at issue. *Barris III*, 310 A.3d at 180 n.4.

[2] "On appeal from a trial court's order granting or denying summary judgment, our standard of review is de novo[,] and our scope of review is plenary." *Carpenter v. William Penn Sch. Dist.*, 295 A.3d 22, 29 n.5 (Pa. Cmwlth. 2023) (internal citation omitted). Summary judgment is properly entered only when, "after examining the record in the light most favorable to the non-moving party, and resolving all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law." *See id.* (internal citation omitted).

3

> [First,] Barris argues that the trial court erred when it determined that the Township's Ordinance did not violate his Fourteenth Amendment substantive due process rights to use his residential property for target practice. [Second,] Barris submits that the trial court erred when it determined that the Township did not violate his Fourteenth Amendment procedural due process rights when it passed the Ordinance. [Third,] Barris argues that the trial court erred in concluding that he failed to exhaust his administrative remedies in challenging the constitutionality of the Ordinance.

*Barris II,* 257 A.3d at 217.

Barris first argues the Ordinance violates his Fourteenth Amendment substantive due process rights because the Ordinance serves no legitimate governmental interest in safety. R.R. at 33 (Am. Compl.); Barris's Br. at 4, 11-12. He argues the Township has not shown a legitimate basis for the Ordinance. The Township responds that the Ordinance is presumed to be constitutional and that Barris, not the Township, bears the burden to show otherwise. The Township argues the Ordinance is within the ordinary police powers of a municipality, and because the record amply shows that, the Township was not required to further explain or document the legitimate reasons for the Ordinance.

As the trial court correctly explained, when a municipal use of police powers is challenged under substantive due process, the ordinance is presumed constitutional, and the challenger bears a heavy burden. *See Berwick Area Landlord Ass'n v. Borough of Berwick*, 48 A.3d 524, 537 (Pa. Cmwlth. 2012). It is "only where the exercise of the police power is so palpably unreasonable as to suggest that its real object is not to protect the community or to promote the general well-being that a law is subject to judicial rejection." *Id.* at 537 (quoting *McSwain v. Com.*, 520 A.2d 527, 529 (Pa. Cmwlth. 1987) (en banc)). We agree with the Township that it has legitimate interest in regulating the discharge of firearms for public safety. As

4

the trial court noted, "[t]here is a substantial relationship between that goal and the [O]rdinance's limitations on discharge of firearms in the [T]ownship." R.R. at 158. We reject Barris's argument that the Township was required to produce further evidence to show that relationship, because the legitimacy of the interest here is clear from the record. *Cf. Com. v. Creighton*, 639 A.2d 1296, 1301 (Pa. Cmwlth. 1994).

As to his procedural due process claim, Barris argues that when passing the Ordinance, the Township did not include sufficient investigation or research, and its discussion was "cursory." Barris's Br. at 12. The amended complaint alleges the Township's passage of the Ordinance singled out Barris individually, but Barris does not develop that point in his brief. R.R. at 33, *see generally* Barris's Br. The Township responds that the Ordinance was supported by legitimate governmental interests. We agree with the Township. As the trial court noted, "procedural due process only attaches where there is an alleged deprivation of a protected property or liberty interest." *Mun. Auth. of Borough of W. View v. Pub. Util. Comm'n*, 41 A.3d 929, 936 (Pa. Cmwlth. 2012). A person does not have a protected property or liberty interest in conduct that is "reasonably limited by zoning ordinances that are enacted by municipalities pursuant to their police power." *C & M Devs., Inc. v. Bedminster Twp. Zoning Hearing Bd.*, 820 A.2d 143, 150 (Pa. 2002). Barris does not allege any irregularity or failure of public notice in the process of enacting the Ordinance. His procedural due process claim is without merit.

Finally, Barris argues the trial court erred in finding he failed to preserve an as-applied constitutional challenge to the Ordinance by failing to appeal from the denial of the zoning permit. The trial court concluded Barris failed to exhaust that administrative remedy. Barris asks us to apply the "exception to this rule . . . for a facial challenge to the constitutionality of a statute." Barris's Br. at 13

5

(quoting *Lehman v. Pa. State Police*, 839 A.2d 265, 274 (Pa. 2003)). The Township points out that in failing to appeal, Barris did not seek a variance or curative amendment that might have addressed an as-applied constitutional challenge. The Township relies on the reasoning of the trial court, which aptly distinguished facial from as-applied challenges for exhaustion purposes and noted that as-applied challenges must "be heard at the administrative level" so the agency can "exercise its expertise and develop the factual record necessary to resolve the claim." R.R. at 152 (quoting *Lehman*, 839 A.2d at 275). Parties are required to exhaust as-applied challenges to an ordinance before the administrative body. *Lehman*, 839 A.2d at 275; *see also Barris III*, 310 A.3d at 203 n.35. Accordingly, we agree the trial court did not err in finding any as-applied challenge to the Ordinance waived.

For these reasons, we conclude that the trial court did not err in granting summary judgment to the Township in Barris's Fourteenth Amendment claims and his as-applied constitutional claim. Accordingly, we affirm the trial court's order.

_____
MATTHEW S. WOLF, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Barris,            :
        Appellant      :
                   :
        v.           :   No.  671 C.D. 2020
                   :
Stroud Township        :

# **O R D E R**

AND NOW, this 23rd day of April 2026, the May 26, 2020 order of the Court of Common Pleas of Monroe County is AFFIRMED.

 

 

                                          _____
                                          MATTHEW S. WOLF, Judge